UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 08-4829 |
| LINDA REED JORDAN | SECTION: "J" (2) |

**ORDER AND REASONS**

Before the Court is the Defendant's Motion for abstention and dismissal from this claim based on the alleged parallel claim filed by Defendant in State Court. (Rec. D. 14). Upon review of the record, the memoranda of counsel,, and the applicable law, this Court now finds, for the reasons set forth below, that defendants' motion should be **DENIED.**

**BACKGROUND**

In August of 2007, Defendant filed suit in Civil District Court for the Parish of Orleans against Allstate Insurance in its

capacity as her homeowner insurer. Defendant alleged both underpayment and bad faith handling of her insurance claim.

This case was filed on November 7, 2008 against Linda Reed Jordan by Allstate insurance company. It arises out of an insurance claim related to Hurricanes Katrina and Rita. Plaintiff, Allstate Insurance, claims that in its capacity as a write-your-own flood policy carrier, it paid Defendant the limits of her flood policy, $85,600.00 twice. The second payment was made in error. Allstate has brought this action to recover the overpayment. Jordan alleges that she is entitled to two payments since she suffered damages for both Hurricanes Katrina and Rita.

The final Pretrial Conference in this matter is set for October 1, 2009 and the trial is scheduled for October 19, 2009.

**DISCUSSION**

Defendant urges the Court to abstain from and dismiss the claim brought by Allstate Insurance against her pursuant to the doctrine established by the Supreme Court in <u>Colorado River Water Conservation Dist. V. United States</u>, 424 U.S. 817 (1976).

Plaintiff disputes Defendant's assertion that these two cases arise from the same operative facts, policies and parties. Plaintiff argues that these two cases are not even appropriate for consideration of abstention pursuant to the <u>Colorado River</u>

2

doctrine.

First, Defendant asserts that the two lawsuits are based on two different insurance policies. Defendant's claim in state court relates to her homeowner policy which covers a variety of damages. The policy at issue in the federal suit is the write-your-own flood insurance policy issued by Plaintiff pursuant to the National Flood Insurance Act.

Plaintiff also argues that the parties are not the same since Allstate acts in a different capacity in the two lawsuits - in one as a homeowner insurer and in the other as a participant in the National Flood Insurance Program.

Finally, Plaintiff asserts that the facts of the two cases are different. Defendant's suit in state court refers to an alleged underpayment of $7,555.85 under her homeowner policy. Plaintiff's suit in this Court derives from two payments of $85,600.00 made to the Defendant based upon her flood insurance policy.

The Court finds Plaintiff's argument compelling. These two lawsuits are not sufficiently similar to warrant an application of the <u>Colorado River</u> doctrine.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for abstention and dismissal of this claim based on the alleged parallel claim filed

by Defendant in State Court. (Rec. D. 14) is **DENIED.**

New Orleans, Louisiana this the 9th day of September, 2009.

_____
CARL J. BARBIER

UNITED STATES DISTRICT JUDGE